UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SALIH HALUK ERBEN,

    Plaintiff,

v.                                  CASE NO: 8:11-cv-933-T-23AEP

RAYMOND JAMES FINANCIAL,
INC., et al.,

    Defendants.
_____/

## **ORDER**

Salih Haluk Erben's second amended complaint (Doc. 54) alleges breach of contract, negligent supervision, and fraud. Raymond James Financial, Inc. ("RJ Financial"), and its officers, Terence Bedford and John Critchlow, move (Docs. 58 and 59) to dismiss. Erben responds. (Docs. 62 and 63)

## **THREE COMPLAINTS AND FIVE COMPANIES**

On December 28, 2010, the plaintiff sued RJ Financial, the RJ Financial subsidiary Raymond James International Holdings, Inc. ("RJ International"), and the RJ International subsidiary Raymond James European Holdings, Inc. ("RJ Europe"), for breach of contract, negligent supervision, conversion, fraud, and a RICO violation. The complaint alleged that Fethi Berkan, a "portfolio manager" for the RJ Europe subsidiary and non-party, "RJ Turkey," disregarded Erben's trading

instruction, maintained a "secondary account statement" to deceive Erben, and, ultimately, deprived Erben of millions of dollars.

A June 30, 2011, order (Doc. 34) dismisses the original complaint for failing "to allege facts sufficient to show either that the defendants engaged in improper conduct or that RJ Turkey was a 'mere instrumentality' of the defendants." After the plaintiff amended the complaint, the Raymond James defendants moved (Doc. 40) to dismiss the amended complaint. An April 10, 2012, order (Doc. 51) grants the motion and dismisses the complaint, which too often "list[ed] as the actor the collective 'Raymond James' (*i.e.*, RJ Financial, RJ International, and RJ Europe) [and] too often fail[ed] to individually identify the acts of a distinct legal entity." The April 10 order permits a final opportunity to amend the complaint and directs the plaintiff to "clarify the theory on which the proposed disregard of corporateness should occur and . . . allege specifically the identity of the corporation executing each pertinent act or omission."

The second amended complaint adds as defendants two directors of RJ Turkey – Bedford, an officer of RJ Financial, and Critchlow, an in-house attorney of RJ Financial. Count One alleges that RJ Financial incurs liability for breach of RJ Turkey and Erben's contract either by acting as a joint venturer with non-party Park Yatirim Banksai, A.S. ("Yatirim"), or by acting as a joint venturer with RJ Turkey. Count Two alleges that Bedford and Critchlow are directly liable for negligently supervising Berkan and RJ Turkey, and that – as agents of RJ Financial – Bedford's

and Critchlow's liability is imputed to RJ Financial, RJ International, and RJ Europe. Count Three alleges that RJ Financial incurs liability for fraud by acting as a joint venturer with Yatirim. Finally, Count Four alleges that RJ Turkey was a "mere instrumentality" of RJ Financial, RJ International, or RJ Europe and that each parent corporation stands liable for breach of RJ Turkey and Erben's contract.

## BEDFORD AND CRITCHLOW

Bedford and Critchlow move (Doc. 59) to dismiss and argue that Erben's joinder of each director is untimely. In accord with Rule 16(b)(3), Federal Rules of Civil Procedure, the May 27, 2011, case management and scheduling order (Doc. 28) prescribes specific deadlines for joining parties, completing discovery, and submitting dispositive motions. The order (Doc. 28) prescribes September 2, 2011, as the deadline to join a party.

On February 17, 2012, the parties jointly moved (Doc. 49) to extend the time to complete discovery. The motion was granted. (Doc. 50) On May 7, 2012, the parties moved (Doc. 56) to extend the time to move to dismiss and to extend the time to respond to the motion to dismiss. The motion was granted. (Doc. 57) On June 8, 2012, Erben moved (Doc. 60) to extend the time to respond to the motion to dismiss. The motion was granted. (Doc. 61) On July 10, 2012, the parties moved (Doc. 64) to reschedule the pre-trial conference and to reschedule the trial term. The motion was granted in part. (Doc. 65) On September 27, 2012, the defendants moved

(Doc. 70) for a six-day extension of time to complete discovery.  The motion was granted.  (Doc. 71)  Finally, on November 9, 2012, the defendants moved (Doc. 72) to extend the time to submit dispositive motions.  The motion was granted.  (Doc. 73)

As the record evinces, the parties know how to obtain extensions of time, which, due to international coordination and the nature of the claims, have been granted upon a timely motion and a showing of good cause.  Absent an alteration, however, the case management and scheduling order governs.  (Doc. 28) (warning in the first paragraph that the schedule is "very precise and *shall be strictly adhered to*") (emphasis in original).  September 2, 2011, was the deadline to join a party.  No party moved to extend that deadline, and no order extended it.

Erben cites the second dismissal order and contends that "[i]n effect, the Court *sua sponte* issued an Order allowing amendment of the complaint pursuant to Rule 15(a), Federal Rules of Civil Procedure, which allowed Erben to add both claims and defendants as necessary."  The first dismissal order (Doc. 34) permits Erben to "file an amended complaint no later than July 14, 2011."  The order says nothing about joining parties and says nothing about Rule 15.  The joinder deadline had not expired, and Erben remained free to join a party without leave of court.  He declined to do so in the amended complaint.  The second dismissal order (Doc. 51) permits

Erben to "file the second amended complaint on or before May 2, 2012." The order says nothing about joining parties and says nothing about Rule 15.

Without moving for clarification and without moving to join a party, Erben argues that the dismissal orders implicitly waived the explicit joinder deadline: "The express terms of the [second dismissal order] included no limitation on either the claims Erben could assert in the Second Amended Complaint or the parties against whom Erben could assert those claims." Each dismissal order permits Erben to "file an amended complaint." Neither dismissal order addresses joinder, and neither says anything about extending the discovery deadline, extending the dispositive motion deadline, or rescheduling the trial term. The record confirms that Erben knows exactly how to successfully change a specifically delineated case management deadline. His failure to do so with respect to joinder renders seven-months delinquent the unauthorized addition of Bedford and Critchlow.[1]

**JOINT STOCK COMPANIES, JOINT VENTURES, AND CORPORATIONS**

Erben refers to RJ Turkey both as a "corporation" and as a "joint stock company" owned by RJ Financial and Yatirim. Although Erben uses these terms

---

[1] The text of Rule 16(b)(3) supports the conclusion that a dismissal order generally granting leave to amend the complaint fails to specifically extend the time to join parties. The Rule expressly requires the scheduling order, on one hand, to limit the time "to join other parties" and, on the other hand, to limit the time "to amend the pleadings." The dismissal orders permit Erben to amend the complaint but say nothing about "join[ing] other parties." Absent a motion showing "good cause" and an order granting leave to extend the time to join parties, the case management order governs. Fed. R. Civ. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent.").

interchangeably in the response, the liability of a shareholder of a corporation differs materially from the liability of a member of a joint stock company.  Generally, a shareholder of a corporation remains shielded from liability to a third-party for the acts of the corporation, but each member of a joint stock company stands liable to a third-party for the acts of the company.  Like a member of a joint stock company, a joint venturer usually stands liable to a third-party for the acts of the joint venture.

## LIABILITY OF RJ EUROPE, RJ INTERNATIONAL, AND RJ FINANCIAL

The complaint alleges that before Berkan committed fraud RJ Financial transferred its 75% ownership of RJ Turkey to RJ Europe.  RJ Europe stands liable for RJ Turkey's actions (1) if RJ Turkey was a joint stock company owned in part by RJ Europe or (2) if RJ Turkey was a corporation owned in part by RJ Europe and used by RJ Europe as an "mere instrumentality."

When Berkan committed fraud, RJ International owned no part of RJ Turkey.  As the parent of RJ Europe, RJ International stands liable for RJ Turkey's actions (1) if RJ Turkey was a joint stock company owned in part by RJ Europe and RJ International used RJ Europe as a "mere instrumentality" or (2) if RJ Turkey was a corporation owned in part by RJ Europe and used by RJ Europe as a "mere instrumentality" and if RJ International used RJ Europe as a "mere instrumentality."

When Berkan committed fraud, RJ Financial had already transferred to RJ Europe ownership of RJ Turkey.  As a parent of RJ International, RJ Financial

stands liable for RJ Turkey's actions (1) if RJ Turkey was a joint stock company owned in part by RJ Europe, if RJ International used RJ Europe as a "mere instrumentality," and if RJ Financial used RJ International as an "mere instrumentality" or (2) if RJ Turkey was a corporation owned in part by RJ Europe, if RJ Europe used RJ Turkey as a "mere instrumentality," if RJ International used RJ Europe as a "mere instrumentality," and if RJ Financial used RJ International as a "mere instrumentality."  The second amended complaint corrects the pleading deficiency noted in the second dismissal order and includes specific allegations that permit a reasonable inference of liability against RJ Financial, RJ International, and RJ Europe.

### JOINT VENTURE

"A joint venture, like a partnership, may be created by express or implied contract" if the contract contains "(1) a common purpose, (2) a joint proprietary interest in the subject matter, (3) the right to share profits and duty to share losses, and (4) joint control or right of control."  *Williams v. Obstfeld*, 314 F.3d 1270, 1275-76 (11th Cir. 2002).  The intent of the parties controls.  *Ely v. Shuman*, 233 So. 2d 169, 170 (Fla. 3d DCA 1970) (citing *Kislak v. Kreedian*, 95 So. 2d 510, 515 (Fla. 1957)); *Phillips v. U.S. Fid. & Guar. Co.*, 155 So. 2d 415, 418 (2d DCA 1963).  First, Erben contends that RJ Financial stands liable for the acts of RJ Turkey because RJ Financial and Yatirim formed a joint venture.  However, Erben also alleges that RJ

Financial owned no part of RJ Turkey when Berkan's fraud occurred.  At the time of the fraud, RJ Financial held no "proprietary interest in the subject matter," RJ Turkey.  Second, Erben contends that RJ Financial and RJ Turkey entered a joint venture, but he offers no allegation that permits a reasonable inference that RJ Turkey and RJ Financial agreed, expressly or implicitly, to share profit and to share loss.

## A NOTE ABOUT THE CHOICE OF LAW

Despite the presence of two Turkish companies, a Turkish natural person, an alleged fraud occurring in Turkey, a contract allegedly governed by New York law, and three Florida corporations, each party fails to brief the choice of law.  In a footnote, Erben says that the joint venture agreement between RJ Financial and Yatirim "states at [section 23.1] that it is to be interpreted in accordance with the laws of New York" and that "Defendants' reliance upon Florida law to argue that [the plaintiff] cannot state a claim for relief is thus not well founded."  (Doc. 62 at 9) The choice of law for this action remains elusive.  In any subsequent dispositive motion and response, the parties shall either stipulate to the choice of law or comprehensively brief the law purportedly governing each claim and each company and the relation between each company.  Although the "joint venture theories" fail under Florida law (and appear to fail under New York law), the joint venture claims cannot be dismissed on this record.

## CONCLUSION

Bedford and Critchlow's motion to dismiss (Doc. 59) is **GRANTED**, and Bedford and Critchlow are no longer parties in this action.  RJ Financial, RJ International, and RJ Europe's motion to dismiss (Doc. 58) is **DENIED**.  On or before **FEBRUARY 22, 2013**, the parties shall confer and submit an amended case management report for any unexpired deadlines.

ORDERED in Tampa, Florida, on February 15, 2013.

*[signature]*

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE