UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SALIH HALUK ERBEN,

    Plaintiff,

v.                                          CASE NO: 8:11-cv-933-T-23AEP

RAYMOND JAMES FINANCIAL,
INC., et al.,

    Defendants.
_____/

## **ORDER**

The resolution of this action depends in part on an issue of undetermined foreign law. The parties agree that Raymond James Yatirim Menkul Krymetler, A.S. (RJ Yatirim), the company employing Fethi Berkan, the broker hired by the plaintiff, was established as a "joint stock company." But the parties dispute whether the company was a New York "joint stock company" or a Turkish "joint stock company." The liability of the defendant shareholder may depend on the attributes of the "joint stock company," RJ Yatirim.

The plaintiff argues that, because the shareholders' agreement is "[g]overned and construed in accordance with the laws of New York without regard to conflicts of law provisions thereof," (Doc. 83-35 at 9) the defendants formed a New York "joint stock company," in which a shareholder stands fully liable for injury sustained by a third-party and caused by the company. The defendants respond that RJ

Yatirim is incorporated in Turkey as a Turkish "joint stock company" and cite a purported Turkish government website, which states that a shareholder of a Turkish "joint stock company" incurs liability that "is limited to the subscribed capital" invested by the shareholder.[1]  (Doc. 89-5 at 3)  The parties stipulate in the pre-trial statement that Florida law governs whether the defendant shareholder used RJ Yatirim as a "mere instrumentality."  (Doc. 90 at 17)

The summary judgment papers establish that RJ Yatirim is a Turkish "joint stock company."  The Articles of Association for Park-Raymond James Yatirim, A.S., the predecessor of RJ Yatirim, state in Article One, "A joint stock company is incorporated in the form of an intermediary organization by and among the founders whose trade names, domiciles and nationalities are given below in accordance with the provisions of the Turkish Commercial Code governing instantaneous incorporation of joint stock companies."  (Doc. 83-3 at 2)  Article Thirty-Four confirms that, "[o]n matters not covered by these Articles of Association, the provisions of the Turkish Commercial Code, the Capital Market Law and the related regulations shall be applicable."  (Doc. 83-3 at 17)  The plaintiff erroneously relies on the shareholders' agreements, which govern the relation among the shareholders (not

---

[1] In addition, the defendants cite sources saying that a "joint stock company" is a "corporation."  For example, the defendants cite (Doc. 89 at 6 n.7) a KPMG website that defines the suffix used by RJ Yatirim, "A.S." or "Anonim Sirket," as a "joint stock corporation."  Because the attributes of a "corporation" in Turkey might differ from the attributes of a "corporation" in the United States, characterizing RJ Yatirim as a "corporation" is inconclusive.  The attributes of a Turkish "joint stock company" and a Turkish "joint stock corporation" remain unknown.

the attributes of the "joint stock company" or the resulting liability of a shareholder to a third-party, such as the plaintiff).  In any event, even the initial shareholders' agreement, on which the plaintiff relies, defines the prospective company as a "joint stock company, to be formed and incorporated . . . under the laws of the Republic of Turkey."  (Doc. 83-32 at 4)

Rule 44.1, Federal Rules of Civil Procedure, governs the determination of foreign law:

> A party who intends to raise an issue about a foreign country's law must give notice by a pleading or other writing.  In determining foreign law, the court may consider any relevant material or source, including testimony, whether or not submitted by a party or admissible under the Federal Rules of Evidence.  The court's determination must be treated as a ruling on a question of law.

A "relevant material or source" includes an expert opinion, an opinion letter from a foreign attorney, a learned treatise, a stipulation among the parties, or another reliable source.  9 *Moore's Federal Practice* § 44.1.04[2] (3d ed. 2011).  Although bearing no obligation to determine foreign law, "if the initial presentation of foreign law by the parties is incomplete . . . , courts should demand a more complete presentation."  9 *Moore's Federal Practice* § 44.1.04[4], [5] (3d ed. 2011); *see Twohy v. First Nat'l Bank*, 758 F.2d 1185, 1193 (7th Cir. 1985); 1 *Weinstein's Federal Evidence* § 201.52[3][b] (2d ed. 2012).  Although the defendants establish that RJ Yatirim was a "joint stock company" formed and incorporated under the laws of Turkey and although the parties are "on notice" under Rule 44.1 about the presence of an issue of

foreign law, the defendants' citation to a website fails to evidence the attributes of a Turkish "joint stock company" – specifically, whether a Turkish "joint stock company" limits the liability of a shareholder to the amount of the shareholder's investment. (If the liability is limited, the plaintiff must establish the use of RJ Yatirim as a "mere instrumentality" – an inquiry governed by Florida law, as stipulated in the pre-trial statement.)

On or before **NOON** on **MAY 28, 2013**, each party must submit a supplement of **five or fewer pages** discussing the attributes of a Turkish "joint stock company" and whether the liability of a shareholder in a Turkish "joint stock company" is limited to the amount of the shareholder's investment. Each party must attach as an exhibit the "relevant materials or sources." **The parties may also stipulate to the answer**. Absent the proffer of a "relevant material or source" or a stipulation, each summary judgment motion will likely be denied.

ORDERED in Tampa, Florida, on May 20, 2013.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE